Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 679 | **DATE** | February 28, 2013 |
| **CASE TITLE** | Kenneth McDowell (#2012-0922229) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must: (1) submit a completed IFP application or, alternatively, pre-pay the $350 filing fee, and (2) submit an amended complaint that complies with this order. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case. Plaintiff's motion for the appointment of counsel [4] is denied.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff, Kenneth McDowell, currently confined at the Cook County Jail, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Naming Tom Dart, Cermak Health Services, and John Stroger Hospital as Defendants, Plaintiff alleges the following: (1) he has not received prescription drops for his glaucoma condition; (2) on November 5, 2012, another inmate punched him in the left eye when the officer on duty left his post unattended, causing pain in the eye as well as flashes and floaters; (3) Plaintiff entered the jail in September 2012 with a fractured hand, which officers cuffed for four hours in December over Plaintiff's objections and complaints; and (4) a doctor at Stroger Hospital removed the splint on Plaintiff's hand in December 2012 and refused his requests to order surgery for the hand.

Plaintiff seeks to proceed *in forma pauperis* ("IFP") and the appointment of counsel.

Plaintiff's IFP application is incomplete as it does not include a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants the IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff's application must include a completed certificate from an authorized officer stating the amount in Plaintiff's account, which Plaintiff's application does, and also "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). To proceed with this case, Plaintiff must, within 30 days of the date of this order, either pre-pay the $350 filing fee or submit a completed IFP application. His failure to do so will result in the dismissal of this case. *See* N.D. Local Rule 3.3(e).

isk

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint cannot proceed as currently drafted. Plaintiff alleges several unrelated claims against different Defendants. Plaintiff may bring unrelated claims against the same defendant, but "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff asserts that health care personnel have ignored his medical request slips for his glaucoma medication; a jail officer left Plaintiff's area of the jail unattended, thus allowing for an attack by another inmate; officers were deliberately indifferent to Plaintiff's broken hand condition by forcing him to be handcuffed; and one or more doctors at Stroger Hospital refused to refer Plaintiff for surgery for his hand. None of these claims appear related. *See* Fed. R. Civ. P. 20(a)(2) (claims are considered related if "any question of law or fact common to all defendants will arise in the action.").

Furthermore, at least two of the Defendants are not suable entities that can be named as Defendants. Neither Cermak Health Services nor John Stroger Hospital are entities separate from Cook County and are not themselves suable parties. *Haynes v. Dart*, No. 08 C 4834, 2009 WL 590684, *3 (N.D. Ill. Mar. 6, 2009) (Conlon, J.), citing *Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989) (Moran, J.). As to Tom Dart, Plaintiff does not state how he was involved, and it is unclear what claim he is asserting against him. As a supervisory official, Dart cannot be held vicariously liable for unconstitutional torts committed by his subordinates. He must have been personally involved in some manner to be liable in his individual capacity, or Plaintiff must allege that there was an unconstitutional policy or custom by the County to hold him liable in his official capacity. *Vinning-El v. Evans*, 657 *F*.3d 591, 592 (7th Cir. 2011); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).

Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint that either asserts only related claims or names as Defendant(s) a party that is common to all of Plaintiff's claims. Also, Plaintiff must state clearly how each Defendant is related to Plaintiff's claims. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case. Additionally, Plaintiff must include a judge's copy and a service copy for each named Defendant.

In order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) submit a completed *in forma pauperis* application or, alternatively, pre-pay the $350 filing fee, and (2) submit an amended complaint that complies with *George*, 507 F.3d at 607-08, and that states how each Defendant is related to the claims Plaintiff asserts. Plaintiff's failure to comply with this order will result in summary dismissal of this case.